# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ZALONDA WOODS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GUILFORD COUNTY DSS, et al., )<br>)<br>Defendant(s). ) | 1:19cv334 |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on the Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application") (Docket Entry 1) filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The undersigned will grant the Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2) for failing to state a claim and as barred by immunity doctrines.

## LEGAL STANDARD

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . .(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first ground, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The next ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize government entities and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing eleventh-amendment immunity of states and state officials); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

severely limit the damage remedy" (internal quotation marks omitted)).

**BACKGROUND**

Asserting claims under the 4th, 6th, and 14th Amendments, "42 C.F.R. Part 489" and "HIPPA" (Docket Entry 2 at 2-3),[2] Plaintiff initiated this action against 22 defendants: (1) "Guilford Co. DSS," (2) "Guilford Co. Police Dept," (3) "Moses Cone Women's Hospital" ("Defendant Hospital"), (4) "Judge Betty Brown" ("Judge Brown"), (5) "Judge Jarrall Jones" ("Judge Jones"), (6) "Guilford Co. G[ua]rdian [ad] litem program attorney office," (7) "Randleman Co. Schools," (8) "Guilford Co. Schools," (9) "Heather Skeens," (10) "Kim Miles" ("Defendant Miles"), (11) "Sarah Fitzgerald" ("Defendant Fitzgerald"), (12) "Officer Bowen," (13) "Chief Wayne Scott," (14) "Unknown Officer [1]," (15) "Unknown Officer [2]," (16) "Unknown Officer Supervisor," (17) "Ashley Triplett," (18) "Dr. Jacob Stinson," (19) "Dr. John Allagen," (20) "Lisa Thompson," (21) "Archdale Elementary School," and (22) "Gal Attorney Donna Michelle Wright" ("Attorney Wright"). (Id. at 1-2.) In that regard, the Complaint alleges under its "Statement of Claim" the following:

---

[2] Under "Nature of Suit" on the Civil Cover Sheet (see Docket Entry 3 at 1), Plaintiff checked and circled the box for "Amer. w/Disabilities-Other" (see id.). The Complaint, however, makes no allegations that Plaintiff suffers from any disability or that Defendants otherwise discriminated against her based on any disability. (See Docket Entry 2 at 1-4.)

4

> 4/2016 – seizure of Plaintiff's 3 children w[as] unlawful and violated the 4th and [14th] amendment rights of Plaintiff by [D]SS and reps[;]
>
> 4/14/2016 – violation of [6th] amendment [ ] rights of [P]laintiff was violated by Judge [] Brown and social workers [Defendant] Miles and [Defendant] Fitzgerald[;]
>
> 3/25/2016 – violation of [Defendant H]ospital and representatives in regards to 42 CFR Part 489 whereas doctors put creating a case ahead of health and stabilization of [Plaintiff;]
>
> 4/14/2016 – violation of due process rights of [P]laintiff by Judge [] Brown and Judge [] Jones who did not a[c]knowledge procedural safeguards to protect rights which included 14[th amendment] rights[;]
>
> 3/25/2016 – police dept and representatives unlawfully entered home and removed children to speak to social workers and threatened [P]laintiff by sep[a]rating mother from her children and placing oneself on door with hand on gun and assisted in coer[c]ion of [P]laintiff[;]
>
> [ ] Attorney [ ] Wright helped Randleman Co[.] schools get a judge's order after [P]laintiff expressed it violated federal law[;]
>
> Randleman Co. Schools representatives violated federal law by allowing DSS representative to act as a parent after objections from [P]laintiff whose rights were intact[;]
>
> Guilford Co[.] schools representatives did not demand to see a warrant when they [ ] removed from their schools juveniles of [P]laintiff[;]
>
> [Defendant] Hospital violated federal rights that are outlined in 42 CFR Part 489 and HIPAA rights as their claims were not true and the information provided exceeded the scope of a A/N/D investigation that they started.

(Id. at 2-3.) Finally, the Complaint requests as relief "damages . . . in the form of pain and suffering [ ] due to the unlawful seizure of [Plaintiff's] children by [Defendants] who took

5

advantage of the situation and further violated [Plaintiff's] federal rights through the lack of due process." (Id. at 4.)[3]

## DISCUSSION

Presented in a conclusory and sometimes incoherent fashion, the Complaint's allegations apparently relate to events surrounding the removal of Plaintiff's children from her custody. (See generally id. at 1-4.) Although the Court "cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff," Simon v. Shawnee Corr. Ctr., Civ. No. 13-521, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013) (unpublished), based upon the references in the Complaint to deprivation of Plaintiff's constitutional rights under the 4th, 6th, and 14th Amendments and federal rights under "42 CFR Part 489" (Docket Entry 2 at 2-3), and "HIPPA" (id. at 3), this action conceivably could fall under 42 U.S.C. § 1983. See Martin v. Gentile, 849 F.2d 863, 868 (4th Cir.

---

[3] The undersigned Magistrate Judge previously "deferr[ed] ruling on [Plaintiff's instant] Application [ ] and requir[ed her] to file an amended complaint . . . ." (Text Order dated Apr. 16, 2019; see also id. (setting deadline of May 17, 2019, for filing of amended complaint).) That Text Order advised Plaintiff that her "Complaint consist[ed] of conclusory allegations," that it "lack[ed] sufficient supporting factual allegations to proceed," that it did "not include even conclusory allegations as to some defendants and other purported defendants do not exist," and that judges enjoy absolute immunity for "actions taken in their judicial capacity." (Id. (internal parenthetical omitted).) Despite the opportunity "to file an amended complaint that contains properly supported claims against proper defendants," as well as a warning that failure to do so "will result in dismissal" (id.), Plaintiff did not file an amended complaint (see Docket Entries dated Apr. 16, 2019, to present).

6

1988) (explaining that courts must "construe [pro se complaints] liberally to assert any and all legal claims that its factual allegations can fairly be thought to support" (citing Haines v. Kerner, 404 U.S. 519 (1972)). However, even liberally construed, the Complaint fails to plead a viable Section 1983 claim.

**Section 1983 Claim**

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must allege factual matter showing "that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).[4] Moreover, Plaintiff must raise her Section 1983 claims "against a 'person'" capable of committing a violation of her constitutional rights. Conley v. Ryan, 92 F. Supp. 3d 502, 519 (S.D. W. Va. Mar. 13, 2015) (quoting 42 U.S.C. § 1983).

---

[4] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

### A. Judge Brown and Judge Jones

Turning to specific allegations against Defendants, the Complaint appears to allege that both Judge Brown and Judge Jones presided, as judges, over matters involving Plaintiff. (See Docket Entry 2 at 2-3.) "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims," In re Mills, 287 F. App'x. 273, 279 (4th Cir. 2008), "even if such acts were allegedly done either maliciously or corruptly," King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citing Pierson v. Ray, 386 U.S. 547, 554 (1967)). See also Mireles v. Waco, 502 U.S. 9, 11 (1991) (stating that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). To determine whether an action constitutes a "judicial act" protected by judicial immunity, the Court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." King, 973 F.2d at 357. Thus, a plaintiff can overcome the judicial immunity bar only if the judge's "actions were non-judicial or the actions were judicial but were taken without jurisdiction." Evans v. Downey, No. 1:15-CV-117, 2016 WL 3562102, at *2 (W.D. Ky. June 24, 2016) (unpublished) (citing Mireles, 502 U.S. at 13).

Here, the Complaint provides no information to suggest that Judge Brown or Judge Jones acted in a non-judicial capacity or otherwise lacked jurisdiction in any actions challenged by

8

Plaintiff. (See Docket Entry 2 at 1-4.) The Complaint alleges only that Judge Brown "violated [ 6th] amendment [] rights of [P]laintiff" (id.), and that both Judge Brown and Judge Jones "violat[ed ] due process rights of [P]laintiff" by "not a[c]knowledg[ing] procedural safeguards to protect [Plaintiff's 14th amendment] rights" (id.). Under these circumstances, both Judge Brown and Judge Jones enjoy absolute judicial immunity from Plaintiff's damages claims. In addition, the Complaint's conclusory allegations of wrongdoing by Judge Brown and Judge Jones lack "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). As such, the Court should dismiss Plaintiff's claims against Judge Brown and Judge Jones.

B. Randleman County Schools and Guilford County Police Department

Neither Randleman County Schools nor Guilford County Police Department exists and, therefore, neither constitutes a proper legal entity capable of being sued. In addition, even if Plaintiff had named an actual school system or law enforcement office, any such entity likely would not qualify as a "person" under Section 1983. See, e.g., Wilson v. Marion Police Dep't, No. 1:19cv53, 2019 WL 1028012, at *2 (W.D.N.C. Mar. 4, 2019) (unpublished) (finding that, "police departments and sheriff's departments lack the legal capacity to be sued"), aff'd, 771 F. App'x 289 (4th Cir. June 24, 2019); McDaniel on behalf of A.M. v. Charlotte Mecklenburg Sch.,

9

No. 3:18cv127, 2018 WL 1863068, at *3 (W.D.N.C. Apr. 18, 2018) (unpublished) (finding that defendant school system was "not a distinct legal entity capable of being sued, nor [was] it a person within the meaning of [Section] 1983" (internal quotation marks omitted)); Mobley v. Guilford Cty. Sheriff's Office, No. 1:17cv115, 2017 WL 1409579, at *3 (M.D.N.C. Apr. 20, 2017) (unpublished) (finding that "the Guilford County Sheriff's Office [ ] does not qualify as a legal entity capable of being sued under [Section] 1983"), recommendation adopted, slip. op. (M.D.N.C. May 24, 2017). The Court therefore should dismiss all claims against Randleman County Schools and Guilford County Police Department.

### C. Defendant Hospital

Regarding Defendant Hospital, the Complaint appears to assert a violation of federal rights under federal administrative regulations and, in that regard, its claims must fail. "For [P]laintiff to bring a claim pursuant to [Section] 1983 to enforce a federal law, the Court must discern whether that federal law created a private individual right; the inquiry requires a determination as to whether or not Congress intended to confer individual rights upon a class of beneficiaries." Shirley v. South Carolina Family Ct., Civ. No. 9:10-2632, 2010 WL 5390123, at *3 (D.S.C. Nov. 30, 2010) (unpublished) (internal quotation marks omitted), recommendation adopted, 2010 WL 5387606, at *1 (D.S.C. Dec. 22, 2010) (unpublished). In this regard, the Complaint does

10

not show that a private cause of action exists under 42 C.F.R. § 489. (See Docket Entry 2 at 1-4.)

Further, the Complaint fails to provide sufficient allegations to support any claim against Defendant Hospital, see Iqbal, 556 U.S. at 678, alleging only that Defendant Hospital "put creating a case ahead of health and stabilization of [Plaintiff]" (Docket Entry 2 at 2), and made "claims [which] were not true and [ ] information provided exceeded the scope of a A/N/D investigation that they started" (id. at 3). Therefore, "even if this [administrative] regulation and the statutory provision to which it may be traced give rise to private substantive and procedural rights, the [ C]omplaint lacks factual allegations that would support a claim for violation of the right." Bush v. Frazier, 2:18cv732, 2019 WL 3305145, at *11 (N.D. Ala. July 23, 2019) (unpublished).

The Complaint also alleges that Defendant Hospital "violated [Plaintiff's] federal rights that are outlined [under] . . . HIPAA . . . ." (Docket Entry 2 at 3.) However, "there is no private cause of action under HIPAA." Regan v. U.S. Dept. Of Veterans Affairs, No. 5:11CV422, 2012 WL 4866360, at 2 n.3 (E.D.N.C. July 25, 2012) (unpublished) (internal quotation marks omitted), aff'd, 518 F. App'x 160 (4th Cir. 2013); see also id. (noting that, although "HIPAA does provide for civil and criminal penalties, such penalties can only be enforced by authorized state agencies or the

11

Secretary of Health and Human Services" (internal quotation marks omitted)).

Accordingly, the Court should dismiss Plaintiff's claims against Defendant Hospital.

### D. Guilford Co. DSS, Defendant Miles, Defendant Fitzgerald, Attorney Wright, and Guilford Co. Schools

As to Guilford Co. DSS, Defendant Miles, Defendant Fitzgerald, Attorney Wright, and Guilford Co. Schools, even permitting a finding that any of the entities could qualify as proper for suit, the Complaint inevitably fails to state a viable Section 1983 claim. Liberally construed, any such claims appear to rest on theories that (i) Guilford Co. DSS "seiz[ed ]Plaintiff's 3 children" (Docket Entry 2 at 2), (ii) Defendant Miles and Defendant Fitzgerald "violat[ed] [] sixth amendment [] rights of [P]laintiff" (id.), (iii) Attorney Wright "helped . . . get a judge's order after [P]laintiff expressed it violated federal law" (id. at 3), and (iv) "Guilford Co[.] schools representatives did not demand to see a warrant when [Plaintiff's children] were removed from their schools . . ." (id.). In this regard, the Complaint's vague assertions do not plausibly establish that Defendants unlawfully deprived Plaintiff of her constitutional rights. The Complaint's allegations qualify as the type of conclusory "the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678, that fail to support a Section 1983 claim. As such, the Court should

dismiss all claims against Guilford Co. DSS, Defendant Miles, Defendant Fitzgerald, Attorney Wright, and Guilford Co. Schools.

E. Remaining Defendants

Lastly, the Complaint fails to specifically assert any factual allegations against Guilford County Guardian ad litem program attorney's office, Heather Skeens, Officer Bowen, Chief Wayne Scott, Unknown Officer 1, Unknown Officer 2, Unknown Officer Supervisor, Ashley Triplett, Dr. Jacob Stinson, Dr. John Allagen, Lisa Thompson, and Archdale Elementary Schools (see Docket Entry 2 at 1-4), and, as such, its claims against these Defendants fail as a matter of law. See Sain v. Quinn, No. 5:10CV505, 2011 WL 6780828, at * 1 (E.D.N.C. Dec. 27, 2011) (unpublished) ("[A] review of the complaint reveals that [the defendants' names] appear[] only in the caption of the complaint. There are no specific factual allegations against [the defendants]. [The p]laintiff has not alleged in his complaint that [the defendants unlawfully deprived the plaintiff of constitutional or other federal rights]. Therefore, [the] plaintiff's claims fail against [the defendants]" (citing Iqbal, 556 U.S. at 678)). Accordingly, this Court should dismiss all claims against Guilford County Guardian ad litem program attorney's office, Heather Skeens, Officer Bowen, Chief Wayne Scott, Unknown Officer 1, Unknown Officer 2, Unknown Officer Supervisor, Ashley Triplett, Dr. Jacob Stinson, Dr. John Allagen, Lisa Thompson, and Archdale Elementary Schools.

**CONCLUSION**

The Complaint fails to state a claim against any Defendant and judicial immunity bars the purported claims against Judge Brown and Judge Jones.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), or alternatively pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as to Judge Brown and Judge Jones.

**IT IS FURTHER RECOMMENDED** that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to all remaining Defendants.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 13, 2019